**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES, | : | |
| Plaintiff, | : | Civil Action No.: 11–2096 (RC) |
| v. | : | Re Document No.: 21 |
| LATNEY'S FUNERAL HOME, INC. *et al.*, | : | |
| Defendants. | : | |

### MEMORANDUM OPINION

GRANTING THE UNITED STATES' UNOPPOSED MOTION FOR PARTIAL SUMMARY JUDGMENT

### I. INTRODUCTION

The government alleges that Latney's Funeral Home, Inc. ("LFHI") failed to pay certain federal taxes for the better part of a decade. Now before the court is the government's motion for partial summary judgment, which asks this court to reduce the IRS's assessments of LFHI's tax liability into a judgment. LFHI did not file an opposition, and its deadline to do so has passed. Because the government has shown its entitlement to relief, the court grants its motion.

### II. FACTUAL AND PROCEDURAL BACKGROUND

Carol E. Latney-Solomon and John W. Latney are alleged to operate a funeral home in the District of Columbia known as Latney's Funeral Home, Inc. Compl. ¶¶ 10–12. The government alleges that LFHI failed to pay $1,009,871 in federal income and social security taxes between September 1999 and March 2009. *Id.* ¶¶ 15–18. In addition, the government alleges that LFHI failed to pay $60,322 in federal unemployment taxes between December 1999 and December 2008. *Id.* ¶¶ 21–24. The government also alleges that LFHI owes $28,062 in civil penalties under 26 U.S.C. § 6721 for its intentional failure to file W-2 Wage and Tax statements in 2002. Compl. ¶¶ 25–29. The government's complaint lists four counts: Count I

(Reduce Employment Tax Assessments to Judgment); Count II (Reduce Unemployment Tax Assessments to Judgment); Count III (Reduce Civil Tax Penalties to Judgment); Count IV (Permanent Injunction).

LFHI was served with the suit, retained counsel, and initially defended this action by answering and consenting to the entry of a preliminary injunction.  Since then, LFHI has not played an active part in this litigation and did not attend a status conference held by the court on September 18, 2012.  The government filed a motion for partial summary judgment, which asks the court to enter a judgment on Counts I–III; at this point in time, the government has not yet moved for a permanent injunction.  LFHI has not responded to that motion.  Because the government has shown its entitlement to relief, the court will grant the government's unopposed motion.

### III. ANALYSIS

**A.  Legal Standard for an Unopposed Motion for Summary Judgment**

Local Civil Rule 7(b) allows the court to treat the government's unopposed motion as conceded.  Nonetheless, given the "strong polic[y] favoring the resolution of genuine disputes on their merits," *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980), the court will review the filings to determine whether the government has shown its entitlement to summary judgment.  *See* FED. R. CIV. P. 56(a) (requiring the moving party to "show . . . [that] the movant is entitled to judgment as a matter of law"); *Alexander v. FBI*, 691 F. Supp. 2d 182, 193 (D.D.C. 2010) ("[E]ven where a summary judgment motion is unopposed, it is only properly granted when the movant has met its burden.").

The principal purpose of summary judgment is to streamline litigation by disposing of factually unsupported claims or defenses and determining whether there is a genuine need for

trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The moving party bears the initial responsibility of identifying those portions of the record which demonstrate the absence of any genuine issue of material fact. *Id.* at 323; FED. R. CIV. P. 56(c)(1)(A) (noting that the movant may cite to "depositions, documents, electronically stored information, affidavits or declarations, . . . admissions, interrogatory answers, or other materials"). In response, the non-moving party must similarly designate specific facts in the record that reveal a genuine issue that is suitable for trial. *Celotex*, 477 U.S. at 324. Summary judgment may be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

**B. The Court Grants the Government's Motion for Partial Summary Judgment**

Here, the government moves for partial summary judgment based on its tax assessments against LFHI. These assessments reflect the IRS's determination that LFHI owes the federal government a certain amount of unpaid taxes. *See United States v. Fior D'Italia*, 536 U.S. 238, 242 (2002) ("An 'assessment' amounts to an IRS determination that a taxpayer owes the Federal Government a certain amount of unpaid taxes."); *see also Cohen v. Gross*, 316 F.2d 521, 522–23 (3d Cir. 1963) ("[An] assessment is a prescribed procedure for officially recording the fact and the amount of a taxpayer's administratively determined tax liability, with consequences somewhat similar to the reduction of a claim to judgment.")

These tax assessments are presumptively correct. *Buaiz v. United States*, 521 F. Supp. 2d 93, 96 (D.D.C. 2007) (citing *United States v. Fior D'Italia,* 536 U.S. at 242–43). By submitting copies of these assessments, the government has established that LFHI is liable for unpaid taxes; the burden then shifts to the taxpayer to prove any error in the government's

assessments.  *Fior D'Italia, Inc.*, 536 U.S. at 242; *United States v. Janis*, 428 U.S. 433, 440 (1976).

Here, the government has submitted copies of its assessments showing that LFHI owes $1,009,871 in federal income and social security taxes, $60,322 in federal unemployment taxes, and $28,062 in civil penalties.  *See generally* Pl.'s Mot, Exs. 1–47.  Because these amounts are presumptively correct, the burden shifts to LFHI to prove that these amounts are erroneous.  By failing to respond to the government's prima facie case, LFHI has failed to meet its burden of proof.  Consequently, because there are no factual disputes, the court concludes that the government has proven its entitlement to relief.  *See generally Long v. United States*, 2010 WL 1611133 (D.D.C. Apr. 21, 2010).  Accordingly, the Court will grant the United States' motion for partial summary judgment.

## IV. CONCLUSION

For the foregoing reasons, the court grants the government's motion for partial summary judgment.  An order consistent with this memorandum opinion is separately and contemporaneously issued this 10th day of April, 2013.

                                                            RUDOLPH CONTRERAS
                                                            United States District Judge