IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v.   ) | No. 1:11-CV-2096-RC |
| ) | |
| LATNEY'S FUNERAL HOME, INC.; ) | |
| CAROL E. LATNEY-SOLOMON; and ) | |
| JOHN W. LATNEY, ) | |
| ) | |
| Defendants. ) | |

**SUPPLEMENTAL BRIEF IN SUPPORT OF**
**UNITED STATES' MOTION FOR AN ORDER TO SHOW CAUSE**

Plaintiff United States of America submits the following supplemental brief in support of its motion for an Order to Show Cause for Contempt and Sanctions.[1]  On January 22, 2014, the Court held a Show Cause hearing and the Court ordered the United States to file a supplemental brief in support of any relief sought that was not originally included in the initial brief.  The United States requests that the Court appoint a receiver to take control of the assets of Latney's Funeral Home, Inc., under 26 U.S.C. § 7402(a), to ensure that its federal tax liabilities are paid.

**STATEMENT OF FACTS**

*Background*

Latney's Funeral Home, Inc. ("LFHI")  has a long history of violating the internal revenue laws, refusing to voluntarily file tax returns and pay the taxes owed, and not

---

[1] The United States requests that the proposed permanent injunction, as reflected in docket no. 31, be entered and that the Court appoint a receivership as a coercive sanction rather than fining the defendants for their failure to comply with the preliminary injunction.

cooperating with the IRS. Since at least 1999, LFHI has repeatedly accrued unpaid payroll tax liabilities. (*See* Dkt. No. 1-2, Declaration of Revenue Officer Lisa Swope in support of the United States' motion for preliminary injunction, ¶¶ 11-22.) During this time of noncompliance, LFHI has been controlled by Carole Latney-Solomon and John Latney, who operate the business. (*Id.* ¶ 19.)

The IRS took numerous actions in an attempt to encourage LFHI to comply with the internal revenue laws, but were unsuccessful in obtaining compliance. (*Id.* ¶ 28.) The IRS's enforcement efforts against LFHI included issuing numerous levies and filing liens. (*See id.* ¶¶ 21-23.) However, through its investigation, the IRS determined that LFHI does not own any real property or own other collectible assets. The property used by LFHI is owned by Latney-Solomon. (*Id.* ¶ 27.) In sum, the IRS's collection efforts proved to be unsuccessful in effectively reducing LFHI's tax liabilities and eliciting its voluntary compliance.

*Entry of the Preliminary Injunction Order*

On November 23, 2011, the United States filed a complaint for permanent injunction and money judgment against LFHI, Latney-Solomon, and Latney. (Dkt. No. 1.) In this suit, the United States sought an order to enjoin the defendants from further violating the internal revenue laws and to reduce the unpaid tax assessments into judgment. (*Id.*) On February 17, 2012, the defendants, through their counsel, consented to the entry of preliminary injunction against them. (Dkt. No. 18.) On April 10, 2013, the Court also entered a money judgment against LFHI over $1 million as of August 1,

2011 plus interest and statutory additions. (Dkt. No. 22.)

*Defendants' Violations of the Preliminary Injunction Order*

Despite the entry of the Order, the defendants' disregard for the internal revenue laws did not change.  Specifically, the defendants have failed to file LFHI's Form 941 federal employment tax return for the following quarters: June of 2009; September of 2009; December of 2009; March of 2010; June of 2010; September of 2010; March of 2011; June of 2011; September of 2011; December of 2012; and December of 2013.  (Dkt No. 25, Declaration of Lisa Swope in Support of motion for an order to show cause for contempt and sanctions, ¶ 7; Declaration of Beatriz T. Saiz ¶ 11, Ex. 108.)  They have also failed to file LFHI's Form 940 federal unemployment tax return for the years 2009 and 2010.  (Dkt. 25, *D*ecl. Swope ¶ 8; Decl. Saiz ¶¶ 12-13, Exs. 109, 110.)  LFHI has also failed to pay the balance due on the returns it has filed and the tax deposits it has made are insufficient to fully pay LFHI's employment tax liabilities for the periods ending June 30, 2009 through December 31, 2013.  (Dkt. 25, *D*ecl. Swope ¶ 10; Decl. Saiz ¶¶ 12-13, Exs. 101-108.)  Moreover, LFHI has not made any deposits for the third quarter of 2013.  (Decl. Saiz ¶ 10, Ex. 107.)

Defendants submitted proof of payment of certain federal tax deposits attached to docket nos 37 and 39.  The IRS account transcripts (Exs. 101-108) reflect those payments except for two alleged payments which appear as "payment abandoned" in the attachments filed by the defendant.  (See Decl. Saiz ¶¶ 14-15, Exs. 111 and 112.)  It thus does not appear as if these payments were actually made.

On July 10, 2012, July 30, 2012, and April 8, 2013 (along with numerous emails), the United States wrote to defendants' counsel outlining their current violations of the Order and requesting that they voluntarily cure those violations. (Dkt No. 25, Declaration of Saiz in Support of motion for an order to show cause for contempt and sanctions ¶¶ 4, 6, 8, 9; Exs 1,3-5.)   Nonetheless, defendants failed to cure those violations and remain in violation of the Preliminary Injunction.

Moreover, at the hearing held on January 22, 2014, the defendants did not dispute that they are not in compliance with the Preliminary Injunction.

## ARGUMENT

*The Court Should Impose a Receivership as a Civil Contempt Sanction.*

Upon a finding of civil contempt, the Court should fashion a remedy that will put an end to the defendants' continued non-compliance with the Injunction. Once a court determines that a defendant has not complied with the court's order, the court may impose both coercive and compensatory sanctions. *United States v. United Mine Workers of America*, 330 U.S. 258, 303-04 (1947).  "[A] district court has broad discretion to fashion an appropriate coercive remedy in a case of civil contempt, based on the nature of the harm and the probable effect of alternative sanctions." *United States v. Darwin Const. Co., Inc.*, 873 F.2d 750, 756 (4th Cir. 1989).  In this case, the only effective remedy likely to stop the harm being done by defendants' continued violation of the Injunction will be to appoint a receiver, pursuant to 26 U.S.C. § 7402(a), at the defendants' expense, to ensure that the Court's Injunction is complied with: i.e., that future employment taxes

are paid or, if they are not, that no other business operations take place until they are.

In light of the defendants' long history of continued and repeated failure to abide by the internal revenue laws, appointing a receiver for LFHI falls within the Court's broad discretion to fashion an appropriate contempt remedy to prevent future non-compliance with the Injunction.  *See Darwin Const. Co., Inc.*, 873 F.2d at 756 (stating that district court has broad discretion to fashion appropriate coercive remedy in case of civil contempt).  Defendants' non-compliance with the internal revenue laws over the past twelve years led to the entry of the Injunction against them in the first place, and since the entry of the Injunction they have continued that pattern of non-compliance by filing returns late (or not at all), failing to make all Federal tax deposits, and simply disregarding the employment tax obligations placed upon them.  As an appropriate remedy, in light of that non-compliance, the Court should direct that a receiver take charge of LFHI.

A receiver can ensure LFHI's compliance with the terms of the Injunction that require timely payment of LFHI's employment tax liabilities.  The receiver will file and pay LFHI's taxes on time as defendants have failed to do.  If there are insufficient funds to pay the taxes and other expenses, a receiver will pay the taxes prior to any other operating expense.  Ultimately, if the receiver finds that LFHI generates insufficient revenues to pay its taxes and its other operating expenses, the receiver can recommend to the Court that he be authorized to wind down defendants' affairs in an orderly fashion.

The remedy of appointing a receiver to manage or even wind down LFHI's affairs is explicitly within the power of this Court under 26 U.S.C. § 7402(a) to compel compliance with the internal revenue laws. *See United States v. Zabka*, 900 F. Supp.2d 864, 867 (C.D. Ill. 2012) (finding power to appoint a receiver within discretion of district court under 26 U.S.C. § 7402(a)). Section 7402(a) gives district courts broad power to issue orders, including orders appointing receivers, and "to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." "This provision has been construed broadly, to allow courts the full panoply of remedies necessary to effectuate the enforcement of the federal tax laws." *United States v. Bartle*, IP01-0768-C-B/S, 2002 WL 75437 (S.D. Ind. Jan. 16, 2002) (citing *United States v. Raymond*, 78 F. Supp. 2d 856, 877 (E.D. Wis. 1999); *Brody v. United States*, 243 F.2d 378, 384 (1st Cir. 1957).)

This Court has already determined that the United States is entitled to relief under § 7402(a). The same circumstances that warranted issuance of an Injunction against defendants in 2011 - namely, their ongoing failure to pay LFHI's employment taxes and to comply with employment tax reporting requirements - continue to the present. Over the last two years, the defendants have not reformed their errant ways and instead continues to flout the IRS's employment tax reporting requirements and disregard LFHI's obligation to timely pay its employment taxes.

Not only are the defendants indebted to the Government for the unpaid taxes, they have shown through their continued violation of the Injunction Order that they are

virtually guaranteed to continue to flout this Order in the first place. The defendants have failed to do the following: (1) make timely federal tax deposits for every quarter since the Injunction was issued, (2) file a Form 941 for two quarters after the Injunction was issued; (3) file a Form 940 for 2012 and 2013; and (4) pay in full their unpaid tax liabilities for the eight quarters since the Injunction was issued.

The § 7402(a) relief that the Court afforded in November of 20112 has been insufficient to reform the defendants' tax paying practices. It is both necessary and appropriate for this Court to approve recourse beyond the government's standard collection methods by appointing a receiver who can examine, report on, and oversee LFHI's finances, prevent LFHI from continuing to pyramid its employment taxes, and ensure LFHI timely files Forms 940 and 941 with the IRS, as required by the Treasury Regulations and this Court's Permanent Injunction Order. Furthermore, it is appropriate that the defendants bear this expense so as to shift the costs of enforcement of the Injunction from the United States to them.

Although one Circuit Court of Appeals has stated, "the precise limits of judicial discretion to appoint a receiver under Sections 7402(a) and 7403 . . . are not defined, where the record shows that a substantial tax liability probably exists, and that the Government's collection of the tax may be jeopardized if a receiver is not appointed, the appointment will be made." *Florida v. United States*, 285 F.2d 596, 602 (8th Cir. 1960) (quoting Mertens, Law of Federal Income Taxation, Vol. 9 § 49.222, 1960 Cum. Supp. p. 41). Here, the defendants cannot dispute that LFHI owes a substantial tax liability of

over one million dollars. (Dkt. No. 22.) Furthermore, the government's collection of this substantial liability is in jeopardy because LFHI's total debt amount continues to climb. The IRS has tried to collect LFHI's tax debts using the collection tools at its disposal, but these collection actions have not yielded any results. (Dkt. 31, Swope Decl. ¶¶ 16-28.) The Government has sued for and obtained a preliminary Injunction, but the defendants have flouted the Injunction's requirements. The Court should appoint a receiver so that disbursements do not continue to be made prior to LFHI's taxes being paid. Given that this violation can never be truly purged, it is appropriate to coerce the defendants' future conduct.

Courts have appointed receivers in circumstances similar to those here. In *United States v. Bartle*, an Indiana district court granted the United States' request for appointment of a receiver to collect over $1.6 million in past-due employment-tax liabilities of the defendant. 2002 WL 75437 at * 4-5. The court found that the appointment of a receiver to oversee the liquidation of the defendant's assets to satisfy the United States' tax liens was appropriate based on the "clear authorization" for such action in § 7402(a). *Id*. at *4. The Seventh Circuit affirmed the district court, holding there was "ample evidence" to support the district court's decision to appoint a receiver because the court had "policed [the defendant's] shenanigans over several years, listened to his excuses, and ultimately determined that [he] was untrustworthy and intentionally avoiding the government's collection of its judgment." *United States v. Bartle*, 159 F. App'x 723, 725 (7th Cir. 2005). Similarly, in *United States v. Florida*, an

Arkansas district court determined that appointment of a receiver under 26 U.S.C. §§ 7402(a) and 7403 was necessary and appropriate because there was no other way to adequately protect the government's rights and the taxpayers had engaged in a "pattern of dealings" which were "at best, highly suspicious and which clearly warrant an inference of under-reporting of income and underpayment of tax." 178 F. Supp. 627, 631-32 (D. Ark. 1959) (ordering a full receivership for most of defendant's companies and a limited receivership over the stock of a company that was not insolvent).

  Incidentally, although typically used as contempt sanctions, neither fines nor the threat of incarceration would seem likely to be effective in remedying the real harm being caused here. The Court could order the defendants to purge their contempt by paying delinquent taxes, including accrued interest and penalties, or face a fine or even incarceration. *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828 (1994) (confinement until compliance appropriate as civil contempt sanction); *Darwin Const. Co., Inc.*, 873 F.2d at 756 ($5,000 a day fine served coercive purpose of causing contemnor to comply with Court order); *SEC v. Dunlop*, 253 F.3d 768, 771 (4th Cir. 2001) (incarceration as civil contempt sanction within discretion of district court); *JTH Tax, Inc. v. Lee*, 540 F. Supp. 2d 642, 647 (E.D. Va. 2007) (fine of $500 per day for non-complaint defendant); *Landman v. Royster*, 354 F. Supp. 1292, 1301 (E.D. Va. 1973) (a fine is appropriate as contempt sanction). Nevertheless, remedies such as fines or even incarceration would accomplish little to remedy the ongoing harm being caused by the defendants' continued non-compliance. Instead, the Court should appoint a receiver to

operate LFHI since it is clear that the defendants cannot operate it in compliance with the internal revenue laws and this Court's order.

## Conclusion

The defendants are in violation of the clear directives of the Injunction that have been entered against them by failing to timely file and pay LFHI's employment and unemployment taxes since entry of the injunction, particularly LFHI's most recent Form 941 taxes and tax return. The defendants have also violated the injunction by making other disbursements prior to paying LFHI's employment taxes. Moreover, the defendants admit that they are in violation of the preliminary injunction. If they cannot show cause, the Court should hold them in contempt and impose the appropriate coercive sanction of appointing a receiver for LFHI.

Dated: February 12, 2014         Respectfully submitted,

                                                  KATHRYN KENEALLY
Associate Attorney General
for Tax Division


/s/ Beatriz T. Saiz
BEATRIZ T. SAIZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044
Phone/Fax: (202) 307-6585/514-6866
Beatriz.T.Saiz@usdoj.gov

OF COUNSEL:
RONALD C. MACHEN, JR.
United States Attorney